IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
COUNTY CIVIL DIVISION

**PREMIER INPATIENT PARTNERS LLC**
**(D.G.2),**

        Plaintiff,

v.                                                                Case No.:

**AETNA HEALTH AND LIFE INSURANCE**
**COMPANY,**

        Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, PREMIER INPATIENT PARTNERS LLC , (the "**PLAINTIFF**"), D.G.2 (the "**PATIENT/MEMBER**"), and sues the Defendant health maintenance organization/health insurer/administrator, AETNA HEALTH AND LIFE INSURANCE COMPANY, (the "**DEFENDANT**"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment and for recoupment of underpaid claim(s) pursuant to Florida law. Specifically, the PLAINTIFF requests an order from the Court declaring the rate at which Florida law requires the DEFENDANT to pay the PLAINTIFF for rendering emergency services. The PLAINTIFF also seeks to recover the proper amount for each underpaid claim(s), plus the interest rate of 12% per annum pursuant to sections 627.6131(7) and 641.3155(6), Florida Statutes, for an amount the PLAINTIFF believes to be less than $500 , exclusive of attorney's fees, interest, and costs.

2. The PLAINTIFF reserves the right to amend its Complaint to seek supplemental relief after the Court makes a determination as to Count I.

3. At all times material hereto, the PLAINTIFF was and is a health care provider duly licensed and authorized by the State of Florida to provide health care and treatment in the State of Florida.

4. The PLAINTIFF is a Florida corporation that has the authority to transact business in the State of Florida.

5. At all times material hereto, the DEFENDANT was a health maintenance organization ("HMO"), health insurer, health claims administrator, or health claim affiliate, actively engaged in the transaction of health care insurance servicing in the State of Florida, and is subject to the jurisdiction of this Court.

6. The DEFENDANT maintains offices, agents, and/or representatives in Hillsborough County and is subject to the jurisdiction of this Court.

7. After providing treatment to the PATIENT/MEMBER, the PLAINTIFF has the requisite standing to bring this cause of action directly against the DEFENDANT.

8. The cause of action accrued in Florida, as the subject health care services were provided by the PLAINTIFF in Florida, and the DEFENDANT breached the subject contract in Florida.

9. All conditions precedent to this action have been performed, satisfied, or waived.

## GENERAL ALLEGATIONS

10. In exchange for premiums, the DEFENDANT pays for health care services rendered to members of its commercial health care products and platforms, including exchange products, self-insured plans, HMOs, limited health service organizations, indemnity plans, PPO products, or any health care arrangement whereby risk is assumed.

11. The DEFENDANT is a health insurance administrator who directly or indirectly solicits or effects coverage of, collects charges or premiums from, or adjusts or settles claims on behalf of residents of Florida for health insurers and HMOs through a health maintenance contract. The DEFENDANT became liable to the PLAINTIFF at the time of payment and/or upon the reduction of the PLAINTIFF's claim(s).

12. On or about 01/26/2018, the PATIENT/MEMBER sought and received medically necessary emergency health care services from the PLAINTIFF and the PLAINTIFF's physicians.

13. At all times material hereto, the PLAINTIFF did not have a participation agreement/contract with the DEFENDANT. Consequently, the PLAINTIFF has not agreed to accept discounted rates from the DEFENDANT or, to be bound by the DEFENDANT's reimbursement policies/rate schedules with respect to non-participating claims for emergency medical services that the PLAINTIFF renders to the DEFENDANT's members/insureds.

14. Thus, the PLAINTIFF's claim(s) in this case is/are considered "non-participating" claim(s) or "out-of-network" claim(s).

15. The Florida Legislature, in the context of payments from health insurers, HMOs, and administrators to out-of-network emergency medical service providers, enacted section 641.513(5), Florida Statutes (2017), which provides:

> **Reimbursement for services pursuant to this section by a provider who does not have contract with the health maintenance organization, shall be the lesser of:**
>
> **(a)   The provider's charges;**
> **(b)   The usual and customary provider charges for similar services in the community where the services were provided; or**

      **(c)**     **The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.**

16. In the present case, on or about 01/29/2018, the PLAINTIFF timely submitted to the DEFENDANT an electronic claim(s) for payment in the amount of $268.38 for emergency medical services rendered by the PLAINTIFF to the PATIENT/MEMBER on 01/26/2018.

17. The DEFENDANT received the PLAINTIFF's claim(s) for payment and assigned it claim number(s): 33902V14267.

18. The PLAINTIFF did not, within 60 days of the submitted non-participating claim(s), mutually agree with the DEFENDANT on a specific rate of reimbursement for the submitted claim(s).

19. To date, the PLAINTIFF has yet to receive full payment for claim number(s): 33902V14267.

20. The PLAINTIFF seeks its proper billed rate amount (including interest) for the services provided and specifically challenges the DEFENDANT's billed rate reduction(s).

21. The DEFENDANT has already adjudicated the claim(s) for emergency medical services at issue in this action and has determined the claim(s) to be a covered loss.

22. Thus, the PLAINTIFF does not seek a coverage determination for the services rendered to the PATIENT/MEMBER.

23. The PATIENT/MEMBER has no further liability to pay for the emergency services rendered by the PLAINTIFF.

24. The PLAINTIFF makes no claim(s) pursuant to any Federal law, nor does the PLAINTIFF make any claim(s) that would give rise to Federal jurisdiction.

## COUNT I: DECLARATORY JUDGEMENT

25. The PLAINTIFF restates, realleges, and incorporates by reference Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. This is an action for declaratory relief pursuant to Chapter 86, Florida Statutes.

27. In pertinent part, section 641.513(5) mandates the DEFENDANT's rate of payment to the PLAINTIFF as:

    **(a)**    **The provider's charges;**
    **(b)**    **The usual and customary provider charges for similar services in the community where the services were provided; or**
    **(c)**    **The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.**

28. The DEFENDANT did not pay the PLAINTIFF'S billed charges, which indeed are the usual and customary charges for similar services in the community where the services were provided (See exhibit 1).

29. The PLAINTIFF and the DEFENDANT did not mutually agree on a charge rate within 60 days of the submittal of the claim.

30. The DEFENDANT did not provide an explanation of what the usual and customary provider charges are for similar services in the community where the services were provided and frequently provide different payment methodologies (See Exhibit 2).

31. Notwithstanding the mandate of section 641.513(5), the DEFENDANT unilaterally paid a lesser amount than that billed by the PLAINTIFF.

32. The PLAINTIFF is in doubt concerning its rights, and a bona fide present controversy exists between the PLAINTIFF and the DEFENDANT concerning the proper

interpretation and application of section 641.513(5), and the parties' respective rights and obligations thereunder; thus, the PLAINTIFF seeks a determination with respect to issues that include but are not limited to:

a) What are the usual and customary provider charges for similar services in the community where the services were provided?

b) How did the DEFENDANT calculate the usual and customary provider charges for similar services in the community where the services were provided?

c) Did the DEFENDANT reimburse the PLAINTIFF at a rate consistent with the usual and customary provider charges for similar services in the community where the services were provided?

d) What is the exact amount DEFENDANT should have paid PLAINITFF pursuant to section 641.513(5) for the specific CPT code(s) provided and at issue in this Complaint?

33. Section 86.011, Florida Statutes, states that this Court has "jurisdiction … to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed." Section 86.111, Florida Statutes, states that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief." Thus, regardless of whether damages are available to the PLAINTIFF, this Court still has jurisdiction to determine the parties' respective rights, status, and other equitable or legal relations under Florida's HMO Act and/or other applicable law.

34. Section 86.011 further states that "[t]he court may render declaratory judgments on the existence, or nonexistence … [o]f any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power,

privilege, or right now exists or will arise in the future." Thus, this Court still has jurisdiction to determine whether the DEFENDANT's conduct has been unlawful, in order to prevent the same unlawful conduct in the future.

35.     Section 86.021, Florida Statutes, states that "[a]ny person claiming to be interested or who may be in doubt about his or her rights ... or whose rights, status, or other equitable or legal relations are affected by a statute … may have determined any question of construction or validity arising under such statute … or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder." Thus, this Court has jurisdiction to determine the rights of "any person" (such as the PLAINTIFF) who is in doubt about its rights under Florida Statutes. Because the PLAINTIFF routinely provides emergency health care services to the DEFENDANT's insureds, the issues raised in this declaratory relief count affect the PLAINTIFF on a continuing basis.

36.     Section 86.051, Florida Statutes, states that "[a]ny declaratory judgment rendered pursuant to this chapter may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened, and in such case the judgment shall have the same binding effect with respect to that future act or event, and the rights or liability to arise therefrom, as if that act or event had already been done or had already happened before the judgment was rendered." This statute confirms that this Court has jurisdiction to determine the legality of the DEFENDANT's past conduct in order to gauge its anticipated future conduct and to prevent unlawful conduct in the future.

37.     Section 86.071, Florida Statutes, states, in pertinent part, that when a declaratory action "concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending. To settle questions of

fact necessary to be determined before judgment can be rendered, the court may direct their submission to a jury." Thus, the existence of disputed fact issues does not prevent the Court from providing declaratory relief under Chapter 86.

## COUNT II: VIOLATION OF FLORIDA STATUTES §§ 641.513(HMO)/627.64194(PPO)

38. The PLAINTIFF restates, realleges, and incorporates by reference Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. The DEFENDANT knew that with respect to the non-participating claim(s), the PLAINTIFF was a non-participating medical provider.

40. The DEFENDANT was obligated by Florida law to cover and pay for emergency medical services received by the PATIENT/MEMBER.

41. The DEFENDANT has an obligation to non-contracted providers, such as the PLAINTIFF, and was aware that the PLAINTIFF had provided emergency medical services to the PATIENT/MEMBER with the reasonable expectation and understanding that the PLAINTIFF's care and services would be properly reimbursed by the DEFENDANT.

42. The PLAINTIFF conferred a direct benefit upon the DEFENDANT by providing valuable professional medical services to the DEFENDANT's PATIENT/MEMBER. In exchange for premiums, the DEFENDANT owes the PATIENT/MEMBER an obligation to pay for the medical services received. The DEFENDANT derives a direct benefit from the PLAINTIFF providing medical services that fulfill the DEFENDANT's obligations to the PATIENT/MEMBER.

43. The DEFENDANT received notice of the covered loss, and the PLAINTIFF has performed all conditions precedent to entitle the PLAINTIFF to recover benefits for health care treatment regarding the above-mentioned policy.

44. The DEFENDANT failed to pay the proper rate for the subject claim(s), thereby violating section 641.513(5)/627.64194, Florida Statutes.

45. As a direct and proximate result of the DEFENDANT's violation of sections 641.513(5)/627.64194 and resulting breach of implied-in-law-contract, the PLAINTIFF has suffered damages in the form of outstanding balances for its charges for medical services rendered to the PATIENT/MEMBER.

46. Due to the failure of the DEFENDANT to pay the full health care benefits owed in accordance with sections 641.513(5)/627.64194, the PLAINTIFF has been required to retain the undersigned law firm for the prosecution of this suit. The PLAINTIFF has agreed to pay, and the attorneys of the undersigned firm have agreed to accept, any Court-awarded fee.

### COUNT III: BREACH OF CONTRACT IMPLIED-IN-FACT

47. The PLAINTIFF restates, realleges, and incorporates by reference Paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. The PLAINTIFF and the DEFENDANT have never had a written contract between them governing the rates at which the DEFENDANT must reimburse the PLAINTIFF for emergency services rendered.

49. The DEFENDANT knew that the PLAINTIFF would provide services to the DEFENDANT's member's at all medical facilities at which the PLAINTIFF's medical professionals are staffed in connection with any emergency medical care required.

50. The PLAINTIFF indeed rendered emergency services to the DEFENDANT's PATIENT/MEMBER.

51. The PLAINTIFF is entitled to be paid the fair value of their emergency medical services rendered to the DEFENDANT's PATIENT/MEMBER and the DEFENDANT was aware of that entitlement.

52. The DEFENDANT acknowledged its responsibility of payment and approval of the claim(s) at issue by processing and adjudicating the claim(s), albeit reimbursing at rates lower than what the PLAINTIFF is owed.

53. The DEFENDANT has become unjustly enriched by failing to pay the PLAINTIFF its fair market value for medical services rendered.

54. The DEFENDANT breached its implied-in-fact contract with the PLAINTIFF by reimbursing the PLAINTIFF for the claim(s) at issue at less than the fair value of the services provided.

**COUNT IV: UNJUST ENRICHMENT/QUANTUM MERUIT**

55. The PLAINTIFF restates, realleges, and incorporates by reference Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. In addition, and/or in the alternative to the above counts, the PLAINTIFF has conferred a direct benefit upon the DEFENDANT by providing valuable professional emergency services to the DEFENDANT's PATIENT/MEMBER.

57. The DEFENDANT acknowledged the benefit the PLAINITFF provided by adjudicating the claim(s), determining the claim(s) to be a covered service and paying the claim(s), albeit at an amount less than the fair market value of the services.

58. The DEFENDANT voluntarily accepted and retained the benefit that the PLAINTIFF conferred on the DEFENDANT's PATIENT/MEMBER because, inter alia, the DEFENDANT received, processed, and adjudicated the PLAINTIFF'S claim(s) for services, and

determined that they were covered services under the DEFENDANT's contract with the PATIENT/MEMBER.

59. Accordingly, the circumstances are such that it would be inequitable, and the DEFENDANT would be unjustly enriched, if they were to retain the benefits conferred by the PLAINTIFF without paying the fair market value for it.

## CONCLUSION

**WHEREFORE**, the PLAINTIFF demands a declaratory judgment against the DEFENDANT and for payment of all outstanding health care claims, along with statutory interest, attorney's fees, interest, contingency risk multiplier, and costs, pursuant to sections 627.428, 641.28, 57.104, and 92.231, Florida Statutes, and any other relief this Court deems just and proper. THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

/S/ DANIEL B. SMITH
**DANIEL B. SMITH, ESQ.**
Florida Bar No. 0057309
MORGAN & MORGAN
3705 N. Himes Ave.
Tampa, FL 33607
Phone: (813) 877-8600
Primary e-mail:
dansmith@forthepeople.com
Secondary e-mail:
kboussebaa@forthepeople.com

**Payer**
AETNA
151 FARMINGTON AVENUE
HARTFORD CT, 06156

**Payee**
PREMIER INPATIENT PARTNERS LLC (1568916492)
PO BOX 18459
BELFAST ME, 049154079
**Group Number:** UNKNOWN
**Check Number:**

## SUMMARY OF BENEFITS

**Patient:** G    , D.                **Billed:** $663.00  **Paid:** $268.38
**Patient ID #:** W216236228            **Insured ID #:** W216236228
**Provider:** PREMIER INPATIENT PARTNERS, LLC [1568916492]    **Other Provider Number:** Not Available
**Claim #:** 33902V14267        **Primary TCN:** EVAB14QJC0000    **Pay Date:** 02/12/2018

| CPT | Units | Billed | Allow | Pay | Deduct | Coins | Copay | Oth PR | | Reas/Remk |
|---|---|---|---|---|---|---|---|---|---|---|
| | Service Dates | | Contr | WHold | Global | Cap | Oth CO | Denied | Incent | Reas/Remk |
| 99223 | 1 | $663.00 | $268.38 | $268.38 | $0.00 | $0.00 | $0.00 | $0.00 | | |
| | 01/26/2018 to 01/26/2018 | | $394.62 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | CO45, N599 |

- **CO45**: Charge exceeds fee schedule/maximum allowable or contracted/legislated fee arrangement. Note: This adjustment amount cannot equal the total service or claim charge amount; and must not duplicate provider adjustment amounts (payments and contractual reductions) that have resulted from prior payer(s) adjudication. (Use only with Group Codes PR or CO depending upon liability)
- **N599**: Our payment for this service is based upon a reasonable amount pursuant to both the terms and conditions of the policy of insurance under which the subject claim is being made as well as the Florida No-Fault Statute, which permits, when determining a reasonable charge for a service, an insurer to consider usual and customary charges and payments accepted by the provider, reimbursement levels in the community and various federal and state fee schedules applicable to automobile and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service. The payment for this service is based upon 200% of the Participating Level of Medicare Part B fee schedule for the locale in which the services were rendered.

**Total Payments for this claim:** $268.38


PLAINTIFF'S EXHIBIT

**Payer**
AETNA
151 FARMINGTON AVENUE
HARTFORD CT, 06156

**Payee**
PREMIER INPATIENT PARTNERS LLC (1568916492)
PO BOX 18459
BELFAST ME, 049154079
**Group Number:** UNKNOWN
**Check Number:**

## SUMMARY OF BENEFITS

**Patient:**  **Billed:** $390.00  **Paid:** $177.00  **Patient Resp:** $213.00
**Patient ID #:** W218117417
**Provider:** PREMIER INPATIENT PARTNERS, LLC [1013357185]  **Other Provider Number:** Not Available
**Claim #:** 23913V14267  **Primary TCN:** E1AB0B3WC0000  **Pay Date:** 10/20/2017

| CPT | Units | Billed | Allow | Pay | Deduct | Coins | Copay | Oth PR | | Reas/Remk |
|---|---|---|---|---|---|---|---|---|---|---|
| | Service Dates | | Contr | WHold | Global | Cap | Oth CO | Denied | Incent | Reas/Remk |
| 99232 | 1 | $156.00 | $156.00 | $56.00 | $0.00 | $0.00 | $100.00 | $0.00 | | PR3 |
| | 09/28/2017 to 09/28/2017 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | |
| 99239 | 1 | $234.00 | $221.00 | $121.00 | $0.00 | $0.00 | $100.00 | $13.00 | | PR3, PR45 |
| | 09/29/2017 to 09/29/2017 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | N130 |

- **N130**: Consult plan benefit documents/guidelines for information about restrictions for this service.
- **PR3**: Co-payment Amount
- **PR45**: Charge exceeds fee schedule/maximum allowable or contracted/legislated fee arrangement. Note: This adjustment amount cannot equal the total service or claim charge amount; and must not duplicate provider adjustment amounts (payments and contractual reductions) that have resulted from prior payer(s) adjudication. (Use only with Group Codes PR or CO depending upon liability)

**Total Payments for this claim:** $177.00



PLAINTIFF'S EXHIBIT 2